UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DERREK C. JONES,<br><br>                Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the<br>Social Security Administration,<br><br>                Defendant. | Civil No. CV 03-07895 (Mc)<br><br>MEMORANDUM OF DECISION<br>AND ORDER IN A<br>SOCIAL SECURITY CASE |

The plaintiff, Derrek C. Jones, filed the present action for review of a final determination of the Commissioner of the Social Security Administration ("the Commissioner"). After reviewing the Administrative Record ("AR") and the applicable law, the court remands the action to the Commissioner for further administrative proceedings. Accordingly, the court grants judgment for the plaintiff and against the Commissioner.

**BACKGROUND**

The plaintiff filed an application for Disability Insurance Benefits ("DIB") on January 14, 2000. [AR 16, 89-91.] This application was denied initially and after hearing before

Administrative Law Judge Cynthia A. Josserand (the "ALJ"). [AR 16, 100-08.] On April 19, 2001, the Appeals Council vacated the ALJ's decision and remanded the case for further proceedings. [AR 16, 111-13.] Supplemental hearings were held on September 5, 2001, and December 16, 2002. [AR 30-69.] On January 29, 2003, the ALJ filed a decision concluding that the plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. [AR 16-27.] On September 9, 2003, the Appeals Council denied the plaintiff's request for review. [AR 7-9.] Accordingly, the ALJ's decision stands as the final decision of the Commissioner. [AR 7.]

On November 10, 2003, the plaintiff filed the present action. The parties filed a joint stipulation on October 14, 2004.

### STANDARDS OF REVIEW

The court must sustain the findings of the Commissioner unless: (a) they are not supported by substantial evidence in the record as a whole; or (b) the Commissioner applied an improper legal standard. See 42 U.S.C. § 405(g); Gordon v. Secretary of Health and Human Services, 803 F.2d 1071, 1072 (9th Cir. 1986). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988). "Substantial evidence" is evidence a "reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 402; Gordon, 803 F.2d at 1072.

This Court must review the record as a whole and consider adverse as well as supporting evidence. See Green v. Heckler, 803 F.2d 528, 529-530 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the court must sustain the Commissioner's

decision. See Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

## THE FIVE-STEP SEQUENTIAL EVALUATION

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. See 20 C.F.R. §§ 404.152, 416.920. First, the Commissioner determines whether the person is engaged in "substantial gainful activity." If so, the Commissioner denies disability benefits. Second, if the person is not so engaged, the Commissioner determines whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, the Commissioner denies benefits. Third, if the person has a severe impairment, the Commissioner determines whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the Commissioner conclusively presumes that the person is disabled. See 20 C.F.R., Pt. 404, Subpt. P, App. 1. Fourth, if the impairment does not meet or equal a "listed impairment," the Commissioner determines whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, the Commissioner denies benefits. Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The Commissioner can meet this burden by reference to the Medical-Vocational Guidelines ("Grids") at 20 C.F.R., Part 404, Subpart P, Appendix 2, or by relying on vocational expert testimony. See Penny v. Sullivan, 2 F.3d 953, 958-59 (9th Cir. 1993). The person will only be found entitled to disability benefits if he or she is

unable to perform other work.  See 20 C.F.R. § 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).

## FINDINGS OF THE ALJ

The plaintiff was born on September 22, 1951.  [AR 89.]  The plaintiff completed the twelfth grade and has past relevant work experience as a building and automobile maintenance worker.  [AR 17.]  The plaintiff alleges that he has been unable to work since April 26, 1999, due to diabetes, hepatitis, and injuries of the left arm, knees, and back.  [AR 17, 141.]

The ALJ found that the plaintiff has not engaged in substantial gainful activity since his alleged onset date.  [AR 18.]  The ALJ found that the medical evidence established that the plaintiff has severe impairments, including lateral humeral epicondylitis (left elbow), early symptoms of carpal tunnel syndrome, and non-insulin dependent diabetes mellitus.  [AR 18.]  The ALJ found that the plaintiff did not have an impairment or combination of impairments listed in or medically equal to one listed in the Act's listing of impairments.  See 20 C.F.R. Pt. 404, Subpt. P, App. 1; [AR 18.]

The ALJ found that the plaintiff's allegations regarding his limitations were not totally credible.  [AR 22, 26.]  The ALJ found that the plaintiff had the residual functional capacity to lift and/or carry 10 pounds frequently and 20 pounds occasionally and stand, walk, and/or sit six hours in an eight-hour period, but that the plaintiff should avoid forceful pinching, gripping, or grasping with the left hand.  [AR 23-24.]  Based on these restrictions, the ALJ found that the plaintiff was not able to perform his past relevant work.  [AR 26.]

1    Considering the plaintiff's age, education, work experience, and
2 residual functional capacity, the ALJ found that there were a
3 significant number of jobs in the national economy which the plaintiff
4 could perform, including work as a flagger and photo counter clerk.
5 [AR 24-25.]
6    Accordingly, the ALJ concluded that the plaintiff was not under a
7 disability, as defined by the Act.  [AR 25-26.]

### **THE PLAINTIFF'S CONTENTION**

9    The plaintiff contends that the ALJ failed to give proper
10 consideration to a third-party vocational rehabilitation report.

### **DISCUSSION**

12    In March 2000, George Stevens, a vocational evaluator with Foster
13 Assessment Center and Testing Service, performed a vocational
14 evaluation of the plaintiff.  [AR 180-89.]  Following two days of
15 testing and interviewing, Stevens reported that the plaintiff
16 demonstrated the ability to perform work that involves sitting 88
17 percent of the time and standing nine percent of the time.  [AR 182.]
18 On the first day of the evaluation, the plaintiff took two unscheduled
19 coffee breaks and one pain break.  [AR 181.]  On the second day of the
20 evaluation, the plaintiff took one 15 minute break.  [AR 181.]  The
21 plaintiff performed at the fifth grade level (5.9) in math and in the
22 bottom 10th percentile in general learning/cognitive processing.  [AR
23 186.]  The plaintiff argues that the ALJ erred by rejecting without
24 explanation Stevens' vocational evaluation report.  The court agrees
25 with the plaintiff.
26    The plaintiff correctly notes that the Commissioner must consider
27 all evidence in the record, including vocational rehabilitation
28 reports, not just medical evidence.  See Flores v. Shalala, 49 F.2d

562, 570-71 (9th Cir. 1995)(finding that it was error for the ALJ to ignore a vocational report in posing questions to the vocational expert and in the final determination that the plaintiff was not disabled); see also 20 C.F.R. § 404.1520(a).  While the ALJ need not discuss every piece of evidence, she is obligated to explain why "significant probative evidence" is rejected.  Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  And for a vocational expert's testimony to be considered reliable, "the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002)(quoting Flores, 49 F.3d at 570-71)); Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988)("[h]ypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant")(citing Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1280 (9th Cir. 1987)).

    Here, the ALJ failed to give proper consideration to the findings in Stevens' vocational evaluation report.  For example, in formulating the hypothetical question, the ALJ asked the vocational expert to consider a person of the plaintiff's age, education (twelfth grade), and experience, who was capable of lifting 20 pounds frequently and 50 pounds occasionally, capable of standing, walking, and sitting six hours in an eight-hour day, but restricted from frequent, forceful pinching, gripping, and grasping with the left extremity.  [AR 62-64.] Thus, the ALJ's hypothetical omitted Stevens' findings that the plaintiff was able to stand only nine percent of the time and that the plaintiff performed below average on math and cognitive tests.  [AR 62-64, 182, 186.]

The Commissioner argues that any error in failing to address Stevens' vocational report was harmless because the limitations identified in the report were consistent with the ALJ's finding that the plaintiff was capable of a reduced range of light work. In particular, the Commissioner points out that the plaintiff would still be able to perform one of the jobs identified by the vocational expert, photo counter clerk (Dictionary of Occupational Titles ("DOT") 249.366-010), despite Stevens' findings. The Commissioner notes that the photo counter clerk position accommodates a sit/stand option and is an unskilled job with an Specific Vocational Preparation ("SVP")[1] level of 2. [Joint Stipulation pp. 16-17 (citing 20 C.F.R. § 404.1564(b)(2).] According to the Commissioner, the demands of this position would be consistent with the plaintiff's abilities even if his education were in the "marginal" range. See 20 C.F.R. § 404.1568(a)("Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. . . . [A] person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed"). The Commissioner's argument, however, does not answer the question of whether the plaintiff would be capable of performing at an SVP 2 level, in light of his cognitive deficits. [AR 186]; see DOT 249.366-010. Stevens' finding that the plaintiff performed in the 10th percentile in the area of learning skills and cognitive processing suggests that the plaintiff may have significant difficulty in

---

[1] SVP is "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." DOT, Appendix C.

learning a new job. [AR 186]; see also DOT 249.366-010 (at SVP 2, a job is learned during "[a]nything beyond short demonstration up to and including 1 month"). Thus, Stevens' report constituted significant, probative evidence and the ALJ was required to explain why he rejected it. Vincent, 739 F.2d at 1394-95. Accordingly, the ALJ's conclusion that the plaintiff is able to perform other work in the economy is not supported by substantial evidence. Thomas, 278 F.3d at 956; Embrey, 849 F.2d at 422.[2]

**CONCLUSION**

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated,

---

[2] The plaintiff also argues that the ALJ failed to consider medical evidence relating to the plaintiff's back and knee problems. [Joint Stipulation, p. 4; AR 248-50.] This argument is belied by the record. On June 22, 1999, the plaintiff received medical treatment and a referral to physical therapy for a bruised right knee. [AR 249-50.] During a physical therapy session on June 30, 1999, the plaintiff reported that he experienced knee pain only when walking for 15 blocks and that he had an old back injury which caused him pain when he lifted things. [AR 248.] By August 1999, the plaintiff reported that his knee pain was controlled with a knee brace, and that the plaintiff's job no longer required that he work while in a static knee bend. [AR 239, 242.] The ALJ summarized these medical records in her decision. [AR 19.]

remand is appropriate.  Id.; Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, there are outstanding issues that must be resolved because the ALJ failed adequately to address the findings of the third party vocational evaluation report.  Thus, it is not clear whether the plaintiff would be able to perform other work that exists in significant numbers in the economy, given the full extent of his limitations.  Accordingly, remand is necessary.[3]

**ORDER OF REMAND**

In accordance with the foregoing discussion, the magistrate judge finds that the plaintiff has shown good cause for remanding the case to the Commissioner.

IT IS ORDERED that this case be remanded to the Commissioner of the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the reasons set forth herein.

Dated: August 26, 2005

                                                     /S/_____
JAMES W. McMAHON
United States Magistrate Judge

---

[3] The plaintiff argues that the ALJ should have applied the grid rules for sedentary work to find that the plaintiff was disabled since the age of 50.  [Joint Stipulation, pp. 7-8 (citing 20 C.F.R. part 404, subpart P, Appendix 2, Rules 201.10 and 201.14).]  Although the ALJ found that the plaintiff was capable of less than the fully range of light work, it is not apparent from the record that the plaintiff is limited to sedentary work.  Because the ALJ did not give adequate consideration to Stevens' vocational evaluation report, further proceedings are necessary before a determination as to disability can be made.